IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

**JENNIFER TRUJILLO**
Plaintiff

v.

**JODY TAYLOR AND MAY TRUCKING**
Defendant

___

### NOTICE OF REMOVAL
___

May Trucking (hereinafter "Defendant"), by and through its attorneys, Hall & Evans LLC, hereby files its Notice of Removal of this action from the District Court, Adams County, State of Colorado, to the United States District Court for the District of Colorado. As grounds for this removal, Defendant states that there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00, and in further support of its Notice of Removal, states and alleges as follows:

1. Defendant is named in a civil action brought by the Plaintiff, in the District Court, Adams County, State of Colorado. The State Court action is captioned *Jennifer Trujillo v. Jody Taylor and May Trucking,* Civil Action No. 2018CV30426. The aforementioned action was filed on or about March 16, 2018. The Defendant was served with the Summons and Complaint on March 19, 2018, through its registered agent in the State of Colorado. Therefore, this Removal is timely pursuant to 28 U.S.C. §1446(b)(1).

2. Pursuant to 28 U.S.C. § 1446(a), the following instruments, which were filed in the Colorado state court action, are attached hereto as designated below:

   a. **Exhibit A** – Complaint

   b. **Exhibit B** – Civil Case Cover Sheet

   c. **Exhibit C** – Civil Summons – May Trucking

   d. **Exhibit D –** Civil Summons -Jody Taylor

   e. **Exhibit E** – Notice of Exclusion from C.R.C.P. 16.1

   f. **Exhibit F** – Entry of Appearance – Paul T. Yarbrough

   g. **Exhibit G**– Docket for 2018CV30011

   h. **Exhibit H** – Notice of Filing of Notice of Removal

   i. **Exhibit I –** "Demand for Securement and Preservation of Sensitive Critical Evidence" letter from the Sawaya law firm to Defendant dated April 29, 2015 (not filed in the state court action).

  3. In her Complaint filed in the Colorado state district court, Plaintiff alleges that on April 3, 2015, she was driving her 2008 Dodge Avenger northbound on I-25 near 136th Street. At the time of the collision, the Defendant Jody Taylor operated a 2014 Freightliner tractor/trailer ("the Semi"), owned by Defendant May Trucking. Defendant Taylor allegedly lost control of the Semi that she was driving northbound on I-25 in Adams County in the area of 136$_{th}$ Street. Plaintiff further alleges that Defendant Taylor negligently merged onto highway I-25 causing Wesley Conda, driver of a 1990 Chevrolet pick-up truck, to lose control and strike Plaintiff's car. Plaintiff then allegedly lost control of her vehicle and was forced *under* the trailer of Defendant Taylor's semi, where she was dragged for several hundred feet. (Exhibit A at ¶¶ 6-11). Plaintiff alleges she was injured and as direct or proximate result of the accident, Plaintiff alleges she will continue to incur medical and other health care and rehabilitation expenses including past and future loss of earnings, loss of earning capacity and loss of time; non-economic damages including, but not limited to, pain and suffering inconvenience, emotional distress and

impairment of quality of life; and suffers from lasting physical impairment.  (Exhibit A at ¶¶ 17-19).

4.	This Court possesses diversity jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1332.  Plaintiff is a citizen of the State of Colorado. (*See* Exhibit A at ¶ 1).  Defendant May Trucking is a foreign corporation with its principal office location in Salem, Oregon (*See* Exhibit A at ¶ 3 and the Rule 7.1 Corporate Disclosure Statement filed contemporaneously with this Notice of Removal).  Defendant Jody Taylor is a citizen of the State of Arizona.  Therefore, complete diversity of citizenship exists.

5.	Plaintiff's Civil Case Cover Sheet filed in Adams County District Court represents to the State Court that, "[Plaintiff] is seeking a monetary judgment for more than $100,000.00 against [Defendants], including any attorney fees, penalties or punitive damages, but excluding interest and costs".  (Exhibit B, Pg. 2)  Therefore, Plaintiff is seeking a monetary judgment against Defendants in excess of $100,000.  This pleading is signed pursuant to C.R.C.P. 11 by Plaintiff's counsel, Brian Caplan of Sawaya, Rose, McClure & Wilhite, P.C.

6.	In the "Demand for Securement and Preservation of Sensitive Critical Evidence" letter from the Sawaya law firm dated April 29, 2015, Plaintiff's counsel describes the accident that is the subject of the lawsuit as "a serious collision" and that Plaintiff "sustained multiple injuries and economic damages".  (See Exhibit I, p. 2)

7.	The amount in controversy in this action exceeds the $75,000.00 jurisdictional minimum required for this Court's diversity jurisdiction.  "The amount in controversy is ordinarily determined by the allegations in the complaint, or, where they are not dispositive, by the allegations in the notice of removal."  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

8. Jurisdiction in this Court is appropriate under 28 U.S.C. § 1332(a), since the action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Defendant hereby certifies that neither a trial nor any hearings in this matter have been set in the District Court, Adam County, State of Colorado. In accordance with D.C.Colo.LCiv.R 81.1, a copy of the state court action docket sheet is attached as **Exhibit G**.

10. Defendant has complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCiv.R. 81.1.

11. A copy of this Notice of Removal is being filed with the Clerk of the District Court, Adams County, State of Colorado, and is being served on Plaintiff's counsel as specified on the attached Certificate of Service.

12. A copy of the Notice of Filing of Notice of Removal, which is being filed with the District Court, Park County, State of Colorado, is attached to the instant Notice as **Exhibit H**.

13. In her Complaint, Plaintiff demands a jury trial.

14. Defendant Jody Taylor has not been served nor has she appeared in the state district court action.

15. All grounds for removal from state district court have been met.

Respectfully submitted on this 18th day of April, 2018.

HALL & EVANS LLC

s/ *Paul T. Yarbrough*
Paul T. Yarbrough #48518
1001 17th Street, Suite 300
Denver, CO  80202
303/628-3300
yarbroughp@hallevans.com

Attorneys for Defendant

4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served via the manner indicated below this 18th day of April, 2018 to the following addresses:

| | |
|---|---|
| Brian Caplan | ☐ First Class Mail |
| SAWAYA, ROSE, MCCLURE & WILHITE, P.C. | ☐ Hand Delivery |
| 1600 Ogden Street | ☐ Facsimile |
| Denver, CO 80218 | ☐ Overnight Delivery |
| | ☒ CM/ECF |
| | ☒ E-Mail |

*s/   Sharon Stevenson*