| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, COLORADO<br><br>1100 Judicial Center Drive<br>Brighton, CO 80601 | DATE FILED: March 16, 2018 6:06 PM<br>FILING ID: 3CDFDE29EA757<br>CASE NUMBER: 2018CV30426 |
| Plaintiff:<br>**JENNIFER TRUJILLO**,<br><br>v.<br><br>Defendants:<br>**JODY TAYLOR AND MAY TRUCKING** | ▲ Court Use Only ▲ |
| *Attorneys for Plaintiff:*<br>Brian Caplan, #45129<br>SAWAYA, ROSE, MCCLURE & WILHITE, P.C.<br>1600 Ogden Street<br>Denver, CO 80218<br>Phone Number: (303) 839-1650<br>FAX Number: (303) 832-7102<br>E-mail: BCaplan@sawayalaw.com | Case Number:<br><br>Courtroom: |
| **CIVIL COMPLAINT AND JURY DEMAND** | |

COMES NOW the Plaintiff, Jennifer Trujillo, by and through her attorneys, Sawaya, Rose, McClure & Wilhite, P.C. and for this Civil Complaint against Defendants Jody Taylor and May Trucking, alleges and avers as follows:

1. At all times relevant to this action, Plaintiff Jennifer Trujillo was and is a resident of the State of Colorado.

2. Upon information and belief, Defendant Jody Taylor currently resides in the State of Arizona at 462 South Gilbert Road, Apartment A, Mesa, AZ 85204.

3. Upon information and belief, Defendant May Trucking is a foreign corporation with a principal office location in Salem Oregon, licensed to do business in Colorado with the Secretary of State with a registered agent listed as Robyn Smith at 510 East 51st Avenue, suite 200, Denver, CO 80216.

4. Venue is proper in the District Court of Adams County, Colorado, pursuant to C.R.C.P. 98(c), because the tort that gives rise to this action occurred in Adams County.

EXHIBIT A

## FACTUAL ALLEGATIONS

5. Plaintiff incorporate herein by this reference the allegations set forth with specificity in paragraphs 1 through 4 of this Civil Complaint and Jury Demand as if set forth verbatim.

6. On or about April 3, 2015, at approximately 1:37 p.m. ("the time of the collision"), Plaintiff Jennifer Trujillo was driving her 2008 Dodge Avenger.

7. At the time of the collision, the Defendant Jody Taylor operated a 2014 Freightliner tractor/trailer ("the Semi"), owned by Defendant May Trucking.

8. At the time of the collision, Ms. Taylor was employed by May Trucking and working under her scope of employment with May Trucking.

9. At the time of the collision, Ms. Taylor lost control of the Semi that she was driving northbound on I-25 in Adams County in the area of 136th Street.

10. Ms. Taylor negligently merged onto highway I-25 causing Wesley Conda, driver of a 1990 Chevrolet pick-up truck, to lose control and strike Ms. Trujillo's car.

11. Ms. Trujillo then lost control of her vehicle and forced *under* the trailer of Ms. Taylor's semi, where she was dragged for several hundred feet.

12. Plaintiff was not comparatively negligent in causing the collision described above.

13. On information and belief, Ms. Taylor had a poor driving record at the time of the collision, including license suspensions and prior crashes.

14. On information and belief, Defendant May Trucking knew or should have known about Ms. Taylor's poor driving records, yet negligently hired, retained, and/or supervised Ms. Taylor during her employment.

15. The collision described above was solely caused by the negligence of Defendant Jody Taylor and May Trucking.

16. As a direct and proximate result of the collision described above, Plaintiff suffered damages.

17. As a direct and proximate result of the collision described above, Plaintiff incurred in the past, and will continue to incur into the future, medical and other health care and rehabilitation expenses related to injuries, past and future loss of earnings, loss of earning capacity, and loss of time.

18. As a direct and proximate result of the collision described above, Plaintiff incurred non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment to quality of life.

EXHIBIT A

19. As a direct and proximate result of the collision described above, Plaintiff suffers from lasting physical impairment.

## FIRST CLAIM FOR RELIEF
### Negligence of Defendant Jody Taylor and Vicarious Liability of Defendant May Trucking Causing Personal Injury to Plaintiff

20. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 19 of this Civil Complaint and Jury Demand as if set forth verbatim.

21. Defendant Jody Taylor owed Plaintiff a duty to exercise reasonable care in the operation of the Semi at the time of the collision.

22. Defendant Taylor breached her duty to Plaintiff to exercise reasonable care in the operation of the Semi at the time of the collision.

23. Defendant Jody Taylor's breach of duty described above directly and proximately caused Plaintiff to suffer damages.

24. Defendant Jody Taylor's breach of duty described above directly and proximately caused Plaintiff to incur past and future medical and other health care and rehabilitation expenses for injuries, loss of earnings, loss of earning capacity, and loss of time.

25. Defendant Jody Taylor's breach of duty described above directly and proximately caused Plaintiff to suffer past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment to quality of life.

26. Defendant Jody Taylor's breach of duty described above directly and proximately caused Plaintiff to suffer lasting physical impairment.

27. Defendant Jody Taylor was negligent *per se* because she violated Colorado laws including, but not limited to: careless driving, improper lane change and failure to yield right-of-way.

28. Defendant May Trucking is vicariously liable for the negligent acts of is employee Jody Taylor.

## SECOND CLAIM FOR RELIEF
### Negligent Hiring, Retaining and/or Supervising of Defendant Jody Taylor by Defendant May Trucking Causing Personal Injury to Plaintiff

29. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 28 of this Civil Complaint and Jury Demand as if set forth verbatim.

30. On information and belief, Defendant May Trucking hired defendant Jody Taylor as a driver for its company.

31. Defendant May Trucking owed a legal duty to Plaintiff to take the care that a prudent person would take in hiring, supervising, and retaining an employee to provide safe transport of the its vehicles.

32. Defendant May Trucking breached its duty to Plaintiff by failing to exercise reasonable care in the hiring, supervision and/or retaining of defendant Jody Taylor.

33. When Defendant May Trucking hired and retained defendant Taylor, and at all other relevant times, Defendant May Trucking knew or reasonably should have known that defendant Taylor had an extensive adverse driving record that would directly call into question her ability to operate May Trucking's vehicles in a safe and legal manner.

34. When Defendant May Trucking hired, supervised and retained defendant Taylor, and at all other relevant times, Defendant May Trucking knew or reasonably should have known that defendant Taylor would operate its vehicles negligently because she had done so in the past – to include, but not limited to, being responsible for a prior crash in 2013 and driving on a suspended license in the months leading up to this crash.

35. Defendant May Trucking knew or should have known that the Plaintiff (or other driver on the road) would suffer injuries as a direct and proximate result of their negligent hiring, retention and/or supervision of Defendant Taylor

36. On information and belief, Defendant May Trucking had other issues with Defendant Taylor, but negligently failed to correct the known issues before this crash.

37. Defendant May Trucking's breach of duty described above directly and proximately caused Plaintiff to suffer damages.

38. Defendant May Trucking's breach of duty described above directly and proximately caused Plaintiffs to incur past and future medical and other health care and rehabilitation expenses for injuries, loss of earnings, loss of earning capacity, and loss of time.

EXHIBIT A

39. Defendant May Trucking's breach of duty described above directly and proximately caused Plaintiffs to suffer past and future non-economic damages including, but not limited to, pain and suffering, inconvenience, emotional distress, and impairment to quality of life.

40. Defendant May Trucking's breach of duty described above directly and proximately caused Plaintiffs to suffer lasting physical and mental impairment.

### THIRD CLAIM FOR RELIEF
**Negligence Entrustment of Chattel by Defendant May Trucking Causing Personal Injury to Plaintiff**

41. Plaintiff incorporates herein by this reference the allegations contained in Paragraphs 1 through 40 of this Civil Complaint and Jury Demand as if set forth verbatim.

42. Defendant May Trucking has a duty to use reasonable care when entrusting their chattels to another person.

43. Defendant May Trucking breached their duty to use reasonable care in the entrustment of their chattels when they entrusted vehicles to Defendant Jody Taylor.

44. On information and belief, Defendant May Trucking gave access to and permitted defendant Jody Taylor to use its vehicles.

45. Defendant May Trucking knew or had reason to know that defendant Jody Taylor would operate its vehicles in a negligent manner.

46. Defendant May Trucking knew or had reason to know that defendant Jody Taylor would use its vehicles in manner involving unreasonable risk of physical harm to herself or another.

47. Defendant Jody Taylor did, in fact, use one of May Trucking's vehicles on the day of the collision as described above causing injuries, damages and losses to Plaintiff.

48. Defendant May Trucking's breach of duty described above directly and proximately caused Plaintiff to suffer damages.

49. Defendant May Trucking's breach of duty described above directly and proximately caused Plaintiffs to incur past and future medical and other health care and rehabilitation expenses for injuries, loss of earnings, loss of earning capacity, and loss of time.

50. Defendant May Trucking's breach of duty described above directly and proximately caused Plaintiffs to suffer past and future non-economic damages including,

EXHIBIT A

but not limited to, pain and suffering, inconvenience, emotional distress, and impairment to quality of life.

51.    Defendant May Trucking's breach of duty described above directly and proximately caused Plaintiffs to suffer lasting physical and mental impairment.

## JURY DEMAND

Trial to a Jury of six (6) is demanded on all issues so triable.

WHEREFORE, Plaintiff Jennifer Trujillo prays for Judgment against Defendants Jody Taylor and May Trucking in an amount to be determined at trial, pre-judgment and post-judgment interest, costs and expert witness fees, and for such other and further relief as the Court may deem proper.

DATED: March 16, 2018

    Respectfully submitted,
    SAWAYA, ROSE, MCCLURE & WILHITE, P.C.

    *s/ Brian Caplan*
    Brian Caplan

Plaintiff's address:
8070 Ogden Street
Denver, CO 80229

EXHIBIT A