IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00908-STV

JENNIFER TRUJILLO,

    Plaintiff,

v.

MAY TRUCKING,

    Defendant.
_____

# ORDER
_____

Magistrate Judge Scott T. Varholak

This matter comes before the Court on Defendant May Trucking Company's Motion to Dismiss Plaintiff Second and Third Claims for Relief [#46] (the "Motion"). The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [##43-45] This Court has carefully considered the Motion and related briefing, the case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Motion is **GRANTED**.

**I. BACKGROUND**[1]

On April 3, 2015, Jody Taylor was operating a 2014 Freightliner tractor trailer owned by Defendant May Trucking Company ("May Trucking"). [#5 at ¶¶ 6-7] At the

---

[1] The facts are drawn from the allegations in Plaintiff's Complaint [#5], which must be taken as true when considering a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)).

1

time, Ms. Taylor was employed by May Trucking and working under her scope of employment with May Trucking. [*Id.* at ¶ 8] Ms. Taylor negligently merged onto Interstate 25 causing Wesley Conda, driver of a 1990 Chevrolet pick-up truck, to lose control of his vehicle and strike Plaintiff's vehicle. [*Id.* at ¶ 10] That collision caused Plaintiff to lose control of her vehicle. [*Id.* at ¶ 11] Plaintiff's vehicle was forced under the trailer of Ms. Taylor's Freightliner and was dragged for several hundred feet. [*Id.*] As a result, Plaintiff suffered various injuries and damages. [*Id.* at ¶¶ 16-19]

On March 16, 2018, Plaintiff initiated this action in the Adams County District Court. [#5] The Complaint named May Trucking and Ms. Taylor as Defendants. [*Id.*] The Complaint brought three causes of action: (1) negligence against Ms. Taylor and vicarious liability against May Trucking, (2) negligent hiring, retaining, and/or supervision against May Trucking, and (3) negligent entrustment of chattel against May Trucking. [*Id.* at 3-6] On April 18, 2018, the matter was removed to this Court on the basis of diversity jurisdiction. [#1] Due to difficulties serving Ms. Taylor [##18, 27, 31, 34], Plaintiff dismissed Ms. Taylor as a defendant [##39, 41].

On April 25, 2018, May Trucking answered the Complaint. [#9] In its Answer, May Trucking admits that, at the time of the collision, Ms. Taylor was driving the Freightliner owned by May Trucking, that May Trucking employed Ms. Taylor, and that Ms. Taylor was acting within the scope of her employment. [*See* #5 at ¶¶ 7, 8; #9 at ¶¶ 7, 8] May Trucking further admits that "if the jury determines that [Ms.] Taylor was negligent, the principles of vicarious liability would apply." [#9 at ¶ 28]

On June 12, 2019, May Trucking filed the instant Motion. [#46] May Trucking argues that because it has admitted vicarious liability for any negligence on the part of

Ms. Taylor, Plaintiff's second and third claims for relief, asserting negligent hiring and negligent entrustment, are duplicative and must be dismissed. [*See generally id.*] Plaintiff has responded to the Motion [#48], and May Trucking has filed a reply [#50].

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."[2] *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). Accordingly, in deciding both motions, the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242,

---

[2] Though styled as a motion to dismiss pursuant to Rule 12(b)(6) [#46 at 1], the Motion, which relies on both the allegations in the Complaint and May Trucking's answers, is more accurately characterized as a motion for judgment on the pleadings pursuant to Rule 12(c). *See* Fed. R. Civ. P. 12(c); *Ferrer v. Okbamicael*, 390 P.3d 836, 840 (Colo. 2017).

1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## III. ANALYSIS

May Trucking moves to dismiss Plaintiff's negligent hiring claim ("Claim Two") and negligent entrustment claim ("Claim Three"), pursuant to the rule articulated in *McHaffie v. Bunch*. 891 S.W.2d 822 (Mo. 1995). [#46] Under the *McHaffie* Rule, once an employer admits respondeat superior liability for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on other theories of imputed liability. 891 S.W.2d at 826. May Trucking argues that because it has admitted respondeat superior liability here, Plaintiff should not be permitted to proceed on Claims Two and Three. [#46]

The Colorado Supreme Court adopted the *McHaffie* Rule in *Ferrer v. Okbamicael*. 390 P.3d 836 (Colo. 2017).[3] The *Ferrer* Court provided several rationales for adopting the rule. First, the *Ferrer* Court explained that "where the employer has already conceded it is subject to respondeat superior liability for any negligence of its employee, direct negligence claims become superfluous." *Id.* at 844. "Stated differently, both vicarious liability and direct negligence claims are tethered to the employee's tortious acts" and, as a result, "[o]nce the principal has admitted its liability under a respondeat superior

---

[3] Colorado law applies in this diversity case. *Squires v. Breckenridge Outdoor Educ. Ctr.*, 715 F.3d 867, 872 (10th Cir. 2013).

4

theory . . . the [direct] cause of action . . . is duplicative and unnecessary." *Id.* at 845 (quotation omitted). Second, the *Ferrer* Court explained that allowing both the direct and respondeat superior causes of action to proceed to a jury could cause the jury to assess or apportion a principal's liability twice. *Id.* Finally, the *Ferrer* Court expressed concern that allowing the direct negligence claim to proceed to a jury could be unfairly prejudicial to a defendant employee because evidence of the employer's negligent hiring could lead to the admission of evidence about the employee's past conduct. *Id.* The *Ferrer* Court explicitly used negligent hiring and negligent entrustment as examples of improper claims once the employer admits vicarious liability. *Id.* at 844, 845.

The *McHaffie* Rule, as articulated by the *Ferrer* Court, applies to Plaintiff's Second and Third claims. May Trucking has already admitted respondeat superior liability. [#9, ¶ 28] As a result, Claims Two and Three, which seek to establish direct liability against May Trucking, cannot stand. *See Ferrer*, 390 P.3d at 848-49.

Plaintiff makes two arguments against dismissal. First, Plaintiff argues that the *Ferrer* Court's concern about the prejudice to the employee is inapplicable here given Ms. Taylor's dismissal from the suit. [#48 at 2] But concern over prejudice to the employee was only one of three rationales given by the *Ferrer* Court for adopting the *McHaffie* Rule. 390 P.3d at 844-45. The other two rationales—avoiding duplicative claims and eliminating any danger of the jury awarding duplicative damages—still apply. And while Plaintiff argues that the danger of duplicative damages can be avoided with a clearly worded verdict form and jury instruction [#48 at 2], this Court, sitting in diversity, cannot substitute its judgment for the judgment of the Colorado Supreme Court. *Squires v. Breckenridge Outdoor Educ. Ctr.*, 715 F.3d 867, 875 (10th Cir. 2013); *Haffner v. Stryker*

5

*Corp.*, No. 14-cv-00186-RBJ, 2014 WL 4821107, at *2 (D. Colo. Sept. 29, 2014) ("Sitting in diversity, I am bound to apply the law I believe the Colorado Supreme Court would apply.").

Second, Plaintiff argues that May Trucking is independently liable to Plaintiff due to its negligence in hiring Ms. Taylor despite many purported red flags in Ms. Taylor's background. [#48 at 3-4] This argument, however, is simply an argument against the adoption of the *McHaffie* Rule. But because the Colorado Supreme Court adopted the *McHaffie* Rule in *Ferrer*, this Court cannot refuse to apply the rule here. *Squires*, 715 F.3d at 875; *Haffner*, 2014 WL 4821107, at *2.

Presumably, Plaintiff wishes to continue pursuing Claims Two and Three in an attempt to seek exemplary damages based upon May Trucking's decision to employ Ms. Taylor. And, indeed, many courts have created a punitive damages exception to the *McHaffie* Rule. *Ferrer*, 390 P.3d at 847-48 (collecting cases); *see also Frederick v. Swift Transp. Co.*, 616 F.3d 1074, 1081 (10th Cir. 2010) ("[C]ourts that have adopted [the *McHaffie* Rule] have also generally recognized an exception to the rule whereby a plaintiff may bring a claim based on negligent hiring or retention along with its claims under respondeat superior when the plaintiff has a valid claim for punitive damages against the employer based on its independent negligence in hiring and retaining the employee." (quotation omitted)). But the *Ferrer* Court explicitly rejected this exception. 390 P.3d at 848. And, once again, this Court cannot ignore the Colorado Supreme Court's mandate. *Squires*, 715 F.3d at 875; *Haffner*, 2014 WL 4821107, at *2.

**IV.  CONCLUSION**

For the foregoing reasons, Defendant May Trucking Company's Motion to Dismiss Plaintiff Second and Third Claims for Relief [#46] is **GRANTED** and Claims Two and Three are **DISMISSED**.

DATED:  November 1, 2019                              BY THE COURT:

                                                                                   s/Scott T. Varholak
                                                                                  United States Magistrate Judge